AO 106 (Rev. 04/10) Application for a Search Warrant                                    AUSA Shimeall

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

(614) 972-3944, with international mobile subscriber identity number 310260340706975

Case No. 2:18-mj-527

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A

located in the _____Southern_____ District of _____Ohio_____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846 | Conspiracy to possess with intent to distribute a controlled substance |

The application is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent James Rose, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/17/2018

*Judge's signature*

City and state: Columbus, Ohio          Hon. Elizabeth A. Preston Deavers, U.S. Mag. Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **(614) 972-3944,** WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY NUMBER **310260340706975** | Misc. No. 2:18-mj-527<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, **James Rose** being first duly sworn, hereby depose and state as follows:

### I.     INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **(614) 972-3944,** with International Mobile Subscriber Identity Number **310260340706975** (the "Target Cell Phone"), whose service provider is Metro PCS/T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I am a Special Agent with the **United States Drug Enforcement Administration** (DEA) since September 2017. I am assigned to the Detroit Field Division, Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516. I am empowered to investigate, to make arrests with or without warrants, and to execute

search warrants under the authority of 21 U.S.C. § 878. Before becoming a Special Agent, I was an active duty U.S. Army Officer for 4 years and worked in Corporate Loss Prevention and Investigations for a total of 7 years. Your Affiant has accumulated the following training and experience:

> Completed the DEA Basic Agent Training Academy in Quantico, VA where I have received specialized narcotics-related training includes drug identification, interview and interrogation, managing informants, undercover operations, conspiracy investigations, surveillance and electronic monitoring techniques, tactical application of narcotics enforcement, search and seizure law, pharmaceutical diversion, clandestine drug labs, marijuana cultivation and money laundering investigations. I continue to receive training on a daily basis by conducting criminal narcotics investigations with, and drawing on the expertise of agents more experienced than myself.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## II. PROBABLE CAUSE

4. On or about early April, 2018, investigators with the Columbus, Ohio DEA office made contact with a Source of Information (SOI) claiming to have information regarding the distribution of illegal narcotics in the Central Ohio area. Through follow-on investigations, investigators were able to develop an SOI with direct, first-hand knowledge of a cell from Nayarit, Mexico, affiliated to the Cartel Jalisco Nueva Generacion (CJNG).

5. Investigators were provided with information that an individual known as IVAN LOMELI was present in the Columbus, Ohio, and was in possession or control of a large amount of cocaine. Additionally, investigators were provided with phone number 614-446-3757 as a means to contact LOMELI.

6. Subsequent toll analysis revealed that phone number 614-446-3757 was previously in contact with telephones that were involved in federal narcotics investigations as of April and May, 2018. On April 19, 2018, investigators were able to get a state court order authorizing geolocation data services of 614-446-3757. Through court ordered geo-location data, investigators were able to place phone number 614-446-3757 in the presence of IVAN LOMELI, who was identified through photographs obtained from the SOI and through open sources.

7. As of June, 2018, investigators were further informed by the SOI that ROBERT LOMELI was also currently in Columbus, Ohio, working in narcotics trafficking operations with IVAN LOMELI. Specifically, as of June, 2018, the SOI informed law enforcement that IVAN LOMELI was working for ROBERT LOMELI, and that ROBERT LOMELI was expecting a large shipment of illegal narcotics into Columbus, Ohio, for drug trafficking operations.

8. Furthermore, the SOI informed investigators that ROBERT LOMELI had recently been arrested in California for narcotics violations. Through searches of law enforcement databases, investigators learned that an individual named Roberto Fabian LOMELI-BANUELOS had been arrested in California during May, 2017, and charged with Conspiracy to Possess with Intent to Distribute Cocaine. Furthermore, Robert Fabian LOMELI-BANUELOS had been investigated in connection with money laundering and firearms violations. Investigators contacted members of the DEA Orange County (California) Office and were informed that, to their knowledge, Roberto Fabian LOMELI-BANUELOS was not incarcerated and was no longer

3

present in California. Furthermore, based on the investigation, LOMELI-BANUELOS DTO, the Drug Trafficking Organization (DTO) with which ROBERT LOMELI is associated, has known ties to Ohio.

9. Investigators were able to identify ROBERT LOMELI through surveillance photographs taken by Columbus Police Department's Narcotics Unit from a related investigation. These photographs placed ROBERT LOMELI in Columbus, Ohio, in the month of June, 2018.

10. Toll analysis revealed that, as of May, 2018, ROBERT LOMELI's phone, which is the Target Cell Phone (614-972-3944), was in contact with IVAN LOMELI's phone (614-446-3757). Investigators were provided with phone number (614-972-3944) by the SOI as belonging to ROBERT LOMELI and were informed that he is the primary user and possessor of that phone. Additionally, toll analysis revealed that, within the last 30 days, the Target Cell Phone (614-972-3944) was in contact with phone numbers associated with 4 current federal narcotics investigations. Moreover, within that same time period, a significant portion of calls in which the Target Cell Phone was involved was with phone numbers associated with current federal narcotics investigations.

11. Investigators have not been able to locate an address, vehicle registrations, or any other documentation associated to members of the LOMELI-BANUELOS DTO through open source searches.

12. In summary, investigators have been able to repeatedly and independently verify information that has been obtained through the SOI. Investigators have verified this information on multiple occasions through database searches, records checks, surveillance, and speaking with other law enforcement officers.

13. Based on the foregoing, investigators believe ROBERT LOMELI is in fact Roberto Fabian LOMELI-BANUELOS. Investigators have placed ROBERT LOMELI in Columbus, Ohio, as recently as June, 2018. Investigators believe that ROBERT LOMELI's presence in the Columbus, Ohio, area, in connection with the DTO's known connections to Ohio, indicate strongly that ROBERT LOMELI is currently involved in the distribution of the DTO's illegal narcotics, and remittance of the proceeds of their sales.

14. Investigators believe a phone ping/E-911 court order, for the Target Cell Phone, phone number 614-972-3944, is a reasonable and necessary step in furtherance of this investigation for the identification of persons, vehicles, and locations involved in the DTO's ongoing narcotics trafficking operation.

15. In my training and experience, I have learned that **T-Mobile/Metro PCS** is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device

does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

16. Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available.

17. Based on my training and experience, I know that T-Mobile can collect cell-site data about the Target Cell Phone.

### III.   AUTHORIZATION REQUEST

18. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

19. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as

6

defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

20. I further request that the Court direct T-Mobile/Metro PCS to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile/Metro PCS. I also request that the Court direct T-Mobile/Metro PCS to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile/Metro PCS's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile/Metro PCS's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile/Metro PCS for reasonable expenses incurred in furnishing such facilities or assistance.

21. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

22. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

*/s/ James W. Rose*
James W. Rose
Special Agent
DEA

7

Subscribed and sworn to before me on __July 17__, 2018

_____
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **(614) 972-3944,** with International Mobile Subscriber Identity **310260340706975** (the "Target Cell Phone"), whose wireless service provider is **T-Mobile/Metro PCS** a company headquartered at 4 Sylvan Way, Parsippany, New Jersey.

2. Information about the location of the Target Cell Phone that is within the possession, custody, or control of **T-Mobile/Metro PCS**.

## ATTACHMENT B

### Particular Things to be Seized

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **T-Mobile/Metro PCS**, **T-Mobile/Metro PCS** is required to disclose the Location Information to the government. In addition, **T-Mobile/Metro PCS** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with **T-Mobile/Metro PCS**'s services, including by initiating a signal to determine the location of the Target Cell Phone on **T-Mobile/Metro PCS**'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate **T-Mobile/Metro PCS** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).